FI. FA. d. s. b. to November term, 1845, levied on lands of Robert W. Gardner. Rule to show cause why the execution should not be set aside on the following case stated: 1. The judgment upon which this writ issued was entered on the 7th of January 1843, in the Superior Court. 2. On the 16th of May, 1835, Robert W. Gardner took the benefit of the insolvent laws of this State, and made an assignment of all his property to Erasmus D. Wolfe and James Gardner, trustees appointed by the court. 3. At the time of the assignment the said Robert W. Gardner was seized in fee of an undivided fifth of four tracts of land, subject to the life estate of his father, the said James Gardner. 4. On the 25th of March, 1840, James Gardner, together with the said Robert W. Gardner, and the owners of the other four fifths of said lands, conveyed one of the said tracts, viz., No. 4, to William F. O'Daniel; and at the same time, and as a part of the same transaction, Erasmus D. Wolfe and James Gardner, assignees and trustees under the insolvent assignment aforesaid, conveyed the interest of the said Robert W. Gardner, in said tract of land No. 4, to said O'Daniel; and at the same time Erasmus D. Wolfe, surviving plaintiff in said judgment, at the instance of said Robert W. Gardner, executed to the said O'Daniel, a release of the said property so conveyed to him from the lien of the said judgment.
The question was. whether the plaintiff by his release of No. 4, released the lien of the judgment on Nos. 1, 2, and 3.
Whitely. — A release is to be taken most strongly against the releasor. E. D. Wolfe having a lien on all the real estate of R. W. Gardner, could not by his own act vary the extent of this lien, without affecting the whole lien. The judgment here was an entirety; the claim one; the lien one. An entire thing cannot be released as to part. A release of an execution as to one of twenty acres is a release of the other nineteen. (5 Bac. Ab. 713; 8 Ibid 292,Bouvier's Ed., title Release L.)
The debt due by a judgment is no other than a personal debt, through the land be a means of payment: a release to the debtor of *Page 339 
any part of the land bound, is a release to the debtor of a part of an entire sum due, which cannot be.
Defendant's land is not liable to sale until it appears, by inquisition, that all the land bound by the judgment would not be sufficient to pay the debt in seven years; by this release a sale may be had upon condemnation of only a portion of the land originally bound by the judgment.
It is a well settled principle, that the release of one of several co-obligors is a release of all; and there is a strong analogy between such a case as that, and the release of one of several tracts bound by a judgment. Such a release would afford great facilities for fraud in reference to other creditors; as where a mortgage creditor has a lien upon one tract, and a prior judgment creditor a lien on that andothers, releasing the tracts not mortgaged throws the whole of the judgment as well as mortgage on the mortgaged property, and may prejudice such creditor. A release of part of land bound by a rent charge is a release of the whole; and the analogy between that case and this is strong. (4 Bac. Ab. 291; 6 Com. Dig., Release E. 194;Cro. Eliz. 40, Hyde vs. Morley.)
Bayard. — This is a legal question; no equitable considerations connected with it. It is the case of a defendant having got his creditor to release a judgment lien on one of four tracts of land, to enable him to sell that tract advantageously, now claiming that this release, made at his instance, and for his benefit, shall have the effect to release all the rest of his property.
The authorities referred to need explanation. The release of one of twenty acres under execution is a release of all. This has reference to the English execution by elegit, which puts the creditor into possession of the land, ut liberum tenementum; he holds it as an entirety, and cannot release a part. So of a rent charge not apportionable, no part can be released without the whole. But how does this apply to the case of a judgment, or execution? The plaintiff is not bound to go against all the defendant's property. He may select any portion; and it is often essential to the defendant, that his creditor shall have this power.
A release of a part of an undivided portion of things pawned is only a release pro tanto. (Story Com. 244, § 364.) The judgment lien is not an estate in the land. It is but a general right to take in execution the land of the debtor, and the creditor may, in his case, release a portion of the land. In England, after acquired property *Page 340 
is encumbered by a judgment lien. In Pennsylvania, it is subject sub modo; if not alienated by the defendant.
There is no analogy between this and the case of joint debtors. There the debt is all due from both, and a release of one is a release of both. But here is no interest or estate in the land, nor is the land the debtor; the debt is due from the defendant, and the land but a means of payment. The remedy is not released. The remedy is the judgment and execution; no part of that is released; nor is the debtor released in respect of any part of the debt. If all the land were released, the party would still have his execution against the goods.
Gilpin. — In Pennsylvania, they release part of land mortgaged; which is the strongest case of release; for a mortgage by the English notion vests an estate in the mortgagee.
Mr. Rodney; ut amicus curiæ. It has often been done here; the mortgage being nothing more than a personal security for the payment of money, though it does create a specific lien.
The Chief Justice said it was a very old practice to release part of land bound by judgment, at the instance, and for the relief of the debtor; and it had never been supposed that he could object to it; whether any other person who might be injured by it could or not. He mentioned precedents of such release drawn by the elder Mr. Read and Mr. Vandyke.
This is not technically a release. It amounts to nothing more than a covenant by the judgment creditor of Gardner and White, made with a third person, O'Daniel, not to levy the judgment out of a portion of Gardner's property which O'Daniel had purchased. This was for the benefit of the debtor, and done at his request. The agreement of the creditor to waive his remedy as against one of four tracts of land bound by the judgment, and to rely exclusively on the security of the other three, might benefit, but could not injure the debtor; and if it could in any way affect the rights of others, the objection should come from them. If the lien of the judgment should be thus thrown upon a part only of the property to the prejudice of other liens, a case might be presented for equitable relief on the principle of marshalling securities; but here, in a court of law, without any allegation of fraud, or indeed of any injury to the rights of the defendant, or of any one else, I do not think he has any substantial ground for his motion to set aside this execution.
I am, therefore, for discharging the rule.
The other judges concurred.
 Rule discharged.